NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0478n.06
Filed: July 3, 2007

06-6063

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LOLA PARSONS, for herself and as administrator of the Estate of James Parsons; JAMES PARSONS CONSTRUCTION COMPANY, INC.; J & L DRILLING, INC.; and J & L MINING AND STRIPPING, INC., | ) ) ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| FIRST NATIONAL BANK & TRUST, | ) ) | EASTERN DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and MOORE, Circuit Judges, and SHADUR,[*] District Judge.

**PER CURIAM.** The plaintiffs in this case – Lola Parsons, individually and as administrator of the estate of James Parsons; James Parsons Construction Company, Inc.; J&L Drilling, Inc.; and J&L Mining and Stripping, Inc. – appeal the order of the district court dismissing their amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. In their complaint, the plaintiffs asserted, in part, that defendant First National Bank & Trust violated the anti-tying

---

[*]The Hon. Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

provisions of the Bank Holding Company Act, 12 U.S.C. § 1972(1), by improperly applying or seeking to apply various assets belonging to  the plaintiffs to their outstanding loan liabilities.

Pursuant to the relevant portion of the Act:

> (1)  A bank shall not in any manner extend credit, lease or sell property of any kind, or furnish any service, or fix or vary the consideration for any of the foregoing, on the condition or requirement –
>
>> (C) that the customer provide some additional credit, property, or service to such bank, other than those related to and usually provided in connection with a loan, discount, deposit, or trust service.

12 U.S.C. § 1972(1)(C).  Thus, although the Act seeks "to apply the general principles of the Sherman Antitrust Act prohibiting anti-competitive tying arrangements specifically to the field of commercial banking," *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 394 (6th Cir. 1996) (citation omitted), "Section 1972 was not intended to interfere with the conduct of appropriate traditional banking practices, or to prohibit banks from protecting their investments." *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 565 (6th Cir. 2003) (internal quotation marks and citations omitted).  Consequently, in order to state a claim pursuant to § 1972, a plaintiff must allege:  "(1) an anticompetitive tying arrangement; (2) the banking practice at issue was unusual in the banking industry; and (3) the practice must benefit the bank." *Kenty*, 92 F.3d at 394 (citing *Sanders v. First Nat'l Bank & Trust Co.*, 936 F.2d 273, 278 (6th Cir. 1991)).

The plaintiffs' brief on appeal identifies multiple issues for our consideration. In reality, however, all three allegations of error can be distilled into a single assertion that actions undertaken by the defendant bank were not traditional banking practices directed toward securing loans made by First National to the plaintiffs but, rather, were thinly-veiled efforts to extort additional fees, services, and payments to the bank's benefit from a grieving widow. Even accepting all the plaintiffs' factual allegations as true, however, the district court concluded that "the Plaintiffs have failed to allege facts indicating that [First National] tied a loan to any other product, service, or benefit." The court thus dismissed the federal claim pursuant to the provisions of Rule 12(b)(6) and declined to exercise supplemental jurisdiction over a remaining state law cause of action.

We agree that the bank's acts highlighted by the plaintiffs – asking that James Parsons make a death-bed assignment of a life insurance policy to the bank, directing Lola Parsons to file suit against purchasers of the plaintiffs' property in order to obtain additional funds, and asking that she sign over certain certificates of deposit – were demands directed towards protection of the bank's investments with the plaintiffs. Neither party has cited to us, nor have we been able to find, a case suggesting that such a request for further collateralization is an unusual banking practice. More importantly, the plaintiffs have failed to allege that any of the purportedly improper requests were in any manner "tied" to efforts to obtain "additional credit, property, or service . . . other than those related to and usually provided in connection with a loan . . . ."

Nor is the plaintiffs' position strengthened by their citation to the three-decade-old, Fifth Circuit decision in *Swerdloff v. Miami National Bank*, 584 F.2d 54 (5th Cir. 1978). In that case, the Swerdloffs contended that the defendant bank required, *as a condition of extension of further credit*, that the owners of an indebted corporation sell the majority of its stock to another customer of the bank. *See id.* at 56. Clearly, however, such a scenario involves not only a tying of *credit extension* to performance of an act that does not fall within traditional banking activities but also, by implication, an improper conferral of a financial benefit on the bank itself. *See id.* at 59.

By contrast, the plaintiffs in this case do not allege that the provision of any further services by the bank was tied to unusual, improper conditions. Thus, even granting the plaintiffs the benefit of all reasonable inferences to be drawn from their complaint, we conclude that they have not properly alleged the elements of a § 1972 claim in this matter. Consequently, we AFFIRM the judgment of the district court dismissing the plaintiffs' federal claims with prejudice and dismissing their state law claim without prejudice.